UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARCUS FOLKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1313 |
| | ) | |
| MCD FACILITY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at McLean County Detention Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that McLean County jail officials would not provide hard copies of an attorney logbook that he needed for undisclosed court proceedings, telling him that he or his attorney would need to subpoena the records. Plaintiff alleges that he received electronic copies of the records. Plaintiff alleges that he did not receive one piece of legal mail until a week after

the facility received it. He alleges that his outgoing mail was mixed up with other requests and otherwise not sent out or lost. Plaintiff alleges that the Prisoner Review Board told him his mail had a return address that was different from what they usually received. Plaintiff alleges that officials open his legal mail outside his presence, read his legal drafts, and unnecessarily delayed handing his mail to him.

Plaintiff appears to allege that he volunteered to wash clothes for other detainees, and, while doing so, other detainees played poker for money and argued with each other. Plaintiff alleges that jail officials threatened to discipline him if he did not stop washing clothes, but they failed to do anything about the detainees that gambled. Plaintiff alleges that jail officials have discriminated against him.

Plaintiff does not have a constitutional right to hard copies of any jail document, and no plausible inference arises that jail officials' refusal to provide same hindered his ability to litigate an otherwise meritorious claim or obstructed the legal processes that permit him to acquire them. If anything, providing electronic copies permitted Plaintiff to review the documents for relevancy before incurring any costs related to a subpoena. Plaintiff's allegations regarding the relatively short delay in sending or receiving his mail or that some of his legal mail was opened does not permit a plausible inference that it hindered his access to the courts. The Court finds that Plaintiff does not state a First Amendment access-to-the-courts claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (access to the courts claim requires showing that officials' actions caused prejudice); *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 805 (7th Cir. 2010) (evidence that legal mail was opened as part of the jail's practice is sufficient to show legal hindrance).

Plaintiff's allegations that jail officials selectively enforced different rules is not sufficient to state an equal protection claim because no plausible inference arises that Plaintiff and the other detainees were similarly situated. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider. Plaintiff is advised that he must identify as defendant the jail officials responsible for any alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). MCD Facility is not a proper defendant under Section 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983).

### Plaintiff's Motion for Information (Doc. 8)

Plaintiff's motion appears to assert additional allegations against jail officials. Plaintiff will have an opportunity to include these allegations in any amended complaint. Plaintiff's motion is denied.

### Plaintiff's Motion (Doc. 9)

Plaintiff asserts that jail officials are not providing him with documents relevant to this case. Plaintiff will have an opportunity to request documents via the discovery process should he state a claim upon which relief can be granted. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motions [8][9] are DENIED.**

Entered this 16th day of January, 2026.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE