E-FILED
Monday, 01 June, 2026 01:47:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARCUS FOLKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1313 |
| | ) | |
| MCD FACILITY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 11). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that officials at McLean County Jail refused to provide him with hard copies of documents he alleges were vital to an undisclosed claim pending in federal court. Plaintiff alleges that jail officials charged him $64.00 to serve a subpoena for the documents, and

that jail officials delayed his receipt of mail from the federal court. Plaintiff alleges that a letter he appears to have sent via institutional mail was tampered with. Plaintiff alleges that his grievances were ignored.

Plaintiff does not have a constitutional right to hard copies of documents the jail possesses, for the jail to provide those copies free of charge, or for sheriff's officials to serve a subpoena without incurring the fees normally attendant to such a request. Plaintiff has not alleged any facts permitting a plausible inference that he suffered the type of legal detriment required to state a First Amendment access-to-the-courts claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Mail from the Court is not legal mail for purposes of the First Amendment. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Plaintiff does not have a constitutional right for officials to investigate his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of…grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Plaintiff has not alleged any facts permitting a plausible inference that jail officials treated him differently that other similarly situated detainees, nor does 18 U.S.C. § 1702 create a civil cause of action for damages. If Plaintiff believes that prison officials have committed a crime, he should contact the appropriate law enforcement agency.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff a final opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motions for Subpoena (Docs. 12, 13, 14, 16)**

Plaintiff's motions for subpoena are denied as premature. If Plaintiff is able to state a claim for relief, he will have the opportunity to request documents from defendants during discovery.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [11] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motions [12][13][14][16] are DENIED.**

Entered this 1st day of June, 2026.

_s/Sara Darrow_

SARA DARROW
UNITED STATES DISTRICT JUDGE